SARAH ARMSTRONG ET AL. v. A. & J. H. MOORE.

(Case No. 3686.)

1. POWER COUPLED WITH AN INTEREST.— The power of sale given in a mortgage by husband and wife, which authorizes the mortgagee to sell the land at public or private sale, if the money to secure which it was given should not be paid at maturity, is a power coupled with an interest, and is not revoked by the death of the husband; though our courts have held sales under such circumstances inconsistent with the policy of the probate laws of 1848.

2. REPRESENTATIONS BY WIFE — HOMESTEAD.— A clause in such a mortgage that the land mortgaged was not homestead would not be binding on the wife, unless connected with representations made by her, which were intended to deceive and which did deceive the mortgagee to his prejudice.

3. HOMESTEAD SALE.— In this case, where land was sold by a mortgagee under a power to sell at public or private sale to satisfy the debt, pending administration on the estate of the deceased mortgagor, whose wife survived, and the estate of the mortgagor was insolvent, the sale did not divest the homestead rights of the surviving wife and children.

APPEAL from Bastrop. Tried below before the Hon. L. W. Moore.

Suit by appellees against Sarah J. Armstrong and her five minor children. The action was trespass to try title, to recover from the defendants a tract of land in Bastrop county.

On the 17th of March, 1873, the defendant Sarah J. joined her husband, J. L. Armstrong (since deceased), in a mortgage to the plaintiffs of the tract of land claimed by them in this suit, to secure the payment of a note for $1,500. The mortgage authorized the plaintiffs to sell the land at public or private sale, if the note was not paid; stipulated that the land was not the homestead of the mortgagors, and the power of sale should not be revoked by death.

J. L. Armstrong died on November 24, 1874. Administration was commenced upon his estate on March 27, 1875; the bond of the administrator was in the sum of $300.

On the 17th day of June, 1875, the plaintiffs A. and J. H. Moore (reciting the mortgage as their authority to sell) conveyed the land to one Russel at private sale for the consideration of $100. On the same day Russel conveyed the land back to the plaintiffs for the consideration of $100. This was the title of the plaintiffs.

A guardian *ad litem* was appointed for the minors, and on October 19, 1876, the defendants answered by a general demurrer, general denial, plea of not guilty, and further that the land now in suit had been the homestead of J. L. Armstrong and his family many years before the date of the mortgage; that it was their homestead, and occupied by them as such, at the date of the mortgage; that J. L. Armstrong and his family (consisting of these defendants) were living on it at the time of his death, and his family were still living on it; that administration on his estate was pending when the land was sold by plaintiffs to Russel, and by Russel reconveyed to plaintiffs.

October 20, 1876, defendants amended by allegation that the wife's consent to the mortgage deed was not voluntary, but was coerced by her husband, under a threat of abandonment, if she refused; that the husband had been borrowing money for speculating; that the wife for a long time refused to sign the mortgage, but at last yielded to the threat above mentioned. They also denied that they had received any benefit from the money advanced by plaintiffs upon the mortgage.

Plaintiffs excepted, and alleged that the defendant Sarah had signed the mortgage willingly; and that upon the faith of it they had loaned the money, which had been used in the payment of community debts.

Judgment rendered for plaintiffs.

The assignments of error relied on by appellants were that the court erred, 1st. In overruling the motion for a new trial. 2d. In

holding that the sale of the land made after the death of J. L. Armstrong was valid and binding upon appellants.

*B. D. Orgain,* for appellant.

*Jos. D. Sayers,* for appellee.

DELANY, J. COM. APP.— The power of sale contained in the mortgage was a power coupled with an interest. It has generally been considered that such powers cannot be revoked by the mortgagor during his life, and that they are irrevocable even by his death. Hunt v. Rousmanier, 8 Wheat., 174.

As the law in this case made the power of sale irrevocable, it. could not be rendered more so, by inserting in the mortgage the provision that it should not be revoked by death. But notwithstanding this general rule of law, our courts have long since determined that the exercise of such powers after the death of the constituent is inconsistent with the policy of our probate system. Robertson v.. Paul, 16 Tex., 472; McLane v. Paschal, 47 Tex., 365.

The covenant contained in the mortgage, that the premises conveyed were not the homestead, would not bind the wife unless perhaps connected with representations by her, which were intended to, deceive and which actually did deceive appellees. Cravens v. Booth,. 8 Tex., 245. Married women are not estopped unless their conduct has been intentional and fraudulent. 50 Tex., 41.

In accordance with this view of the law, evidence was admitted upon the trial below that the land was the homestead of Armstrong and his wife at the date of the mortgage.

The only question to be determined by us is, whether the sale made by appellees after the death of Armstrong, and while administration was pending, was valid.

Appellees seem to admit that, if the contract had been made prior to the probate law of 1870, the sale would have been void. But they insist that the reasons which led our courts to accept this rule under the former laws (Robertson v. Paul, *supra*), are not applicable to the provisions of the latter statutes. There seems to have been a diversity of individual opinion among our judges, rather than a conflict of decision upon this subject. 2 Pasch. Dig., 5487; Terry v.. Terry, 39 Tex., 311; Woodall v. Rudd, 41 Tex., 375; Wayman v. Reviere, 47 Tex., 357.

It may, however, be regarded as settled that the sale under which appellees claim vested no title in them as against the homestead

rights of the surviving wife, if the estate of the decedent was insolvent. Black *v.* Rockmore, 50 Tex., 88. That case arose under the probate law of 1870; and the sale by the trustee was declared inoperative, although the estate was not under the immediate control of the court, but was managed by the wife under the thirty-third section of this act. Pasch. Dig., 5497.

In the case before us, the circumstances seem to indicate that the estate of Armstrong was insolvent, and we think that the judgment should be reversed; but as the question of insolvency was not brought to the attention of the court, but the decision proceeded upon other grounds, our opinion is that the cause should be remanded for another trial.

REVERSED AND REMANDED.

[Opinion approved May 15, 1883.]