# SUPREME COURT OF TEXAS.

## TYLER TERM, 1884.

S. Jacobs, Bernheim & Co. v. J. W. Hawkins et al.

(Case No. 1553.)

63    1
83   427

1. Evidence — Homestead. — The claim of homestead rights cannot be affected by the declarations of the husband of his opinion in regard thereto; nor can he be required in a suit to subject property to the satisfaction of a mortgage claimed by him on the trial as a homestead, to state whether he considered the property a homestead or not when the mortgage was executed, if in fact the property was in use as a homestead at the time.

2. Same. — Such statement of opinion by the husband would, however, seem to be admissible, if the property claimed as homestead had never in fact been used as such, or was no longer occupied as a home, and after removal, for the purpose of showing an intention to abandon.

3. Practice in district court — Opening and closing. — The action of the district court in permitting a defendant's counsel to open and conclude the argument of a cause will not afford ground for reversal, unless the record discloses that the admissions required by rule 31 were not made and entered properly of record. The presumption will be indulged, in the absence of such showing, that the action of the court below was correct.

4. Homestead. — If there be an actual use of property as and for a homestead purpose, although it be detached from the lot in which the residence or mansion house stands, then it is not necessary that some open assertion or claim to it as a part of the homestead be made, otherwise than as such claim is evidenced by the use, to invest it with homestead character.

5. Practice — Judgment — Verdict. — If there be evidence to sustain a verdict and judgment, the fact that the supreme court might regard the evidence as preponderating against it would not of itself afford cause for reversal.

6. Verdict. — If the verdict is for a smaller amount than under the evidence the party was entitled to, but that fact was not set up in a motion for a new trial, it will afford no ground for reversal when relied on after being assigned as error. (Citing Foster v. Smith, 1 Tex., 70; Reynolds v. Williams, 1 Tex., 311, and other cases, for which see opinion.)

Appeal from Hunt. Tried below before the Hon. Green J. Clark.

Suit by appellants against J. W. Hawkins and S. M. Hawkins upon a note for $1,111.80, and against J. W. Hawkins and his wife, S. T. Hawkins, to foreclose a mortgage executed by J. W. Hawkins

and wife to appellants on lot No. 8 and half of lot No. 1, in block No. 15, in the town of Greenville, and block No. 27, to secure its payment. The defer⁻'ants set up no defense against the note, but the defendants J. W. Hawkins and his wife, S. T. Hawkins, answered that lot 8 and half of lot No. 1, in block 15, were at the time of the execution of the mortgage, and continued to be, a part of their homestead, and asked that the mortgage be held void as to said lots. On the trial the court, over objections of plaintiffs, permitted defendants to open and conclude the argument.

The cause was tried by a jury, who found in favor of appellants on the note, and in favor of J. W. Hawkins and wife in regard to homestead, and judgment was rendered in favor of appellants against J. W. Hawkins and S. M. Hawkins for the sum of $1,298.33⅓, and canceling appellants' mortgage upon lot No. 8 and half of lot No. 1.

*M. M. Brooks* and *Hunter & Putnam*, for appellants, cited: Wheeler *v.* Moody, 9 Tex., 372; Andrews *v.* Marshall, 26 Tex., 212; Graham *v.* Gautier, 21 Tex., 111; Buford *v.* Bostick, 58 Tex., 63; Andrews *v.* Hagadon, 54 Tex., 576; Evans *v.* Womack, 48 Tex., 230; Iken *v.* Olenick, 42 Tex., 195; Ashton *v.* Ingle, 20 Kan., 670; American R., vol. 27, p. 167.

*Brown & Upthegrove* and *Mathews & Weyland*, for appellees, cited: Shryock *v.* Latimer, 57 Tex., 674; Arto *v.* Maydole, 54 Tex., 244; Andrews *v.* Hagadon, 54 Tex., 571; Thomas *v.* Williams, 50 Tex., 269; Const., art. XVI, secs. 50, 51; R. S., 2235–6; Lee *v.* Stowe, 57 Tex., 449; R. S., art. 1299; Teal *v.* Terrell, 58 Tex., 261; Hancock *v.* Morgan, 17 Tex., 582; Nolan *v.* Reed, 38 Tex., 425.

STAYTON, ASSOCIATE JUSTICE.— The fact of homestead or not could not be determined by any declaration of opinion made by J. W. Hawkins as a witness, and the court did not err in excluding the answer to a question which called for such opinion.

The answer of the defendants J. W. and S. T. Hawkins did not put in issue the execution of the note or mortgage on which the suit was brought; nor did it in any manner question the sufficiency of the consideration on which they were executed, and the evidence of the witness Harby in this respect was unimportant and would not have tended to establish any fact which the instruments themselves did not establish fully.

The declaration of Hawkins as to the character of the property

secured by the mortgage was properly excluded; for if, in fact, the property was homestead, the mere declaration of the husband to the contrary could not make it that which it was not in fact.

In cases in which property has not been used as homestead, or is not so used, the declarations of a husband would seem to be admissible for the purpose of showing that there was no intention so to use it as to make it the homestead.

And this would seem to be true, where a place formerly used as homestead is not longer occupied; and so, for the purpose of indicating an intention never again to use it, which, coupled with the act of removal, would amount to an abandonment.

But where in fact the property is actually in use for homestead purposes, neither the declaration of the husband or wife, or both, can change its character. Medlenka *v.* Downing, 59 Tex., 40.

The issue made by the defendants' answer was, whether the property was occupied and used as homestead at the time the mortgage was given, which the appellants were seeking to foreclose, and not whether they had abandoned it after it had once become a part of the homestead.

The bill of exceptions taken to the action of the court permitting counsel for appellees to open and conclude the argument does not show that the admissions required by rule 31 were not made and properly entered of record, and, in the absence of such a showing, the presumption is that everything was done to entitle the appellees to that right, and that the court below ruled correctly.

If we consider only detached portions of the charge given, they might be held objectionable; but a charge cannot be so considered. The whole charge must be looked to, and, if taken all together, it correctly gives the law applicable to the case, and there be nothing in it calculated to mislead, it is sufficient.

The charge given in this case fairly presented to the jury the law upon which, under the evidence, they were directed to determine whether the property in controversy was homestead at the time the mortgage was given, and that was sufficient.

It did not exclude from the jury the inquiry as to the intention with which the property was used in connection with the lot on which Hawkins and wife actually resided.

The charges asked by appellants, in so far as they were free from objection, were substantially given in the charge of the court.

If it was thought that the use shown was different in regard to the whole and half lot, a charge on that subject which would have directed the jury to consider them separately might properly have

been given; but the charge asked, under the evidence, would have been misleading, in that it made some claim other than that evidenced by the use necessary to give to the property the homestead character.

If there be an actual use of property as and for a homestead purpose, although it be detached from the lot on which the residence or mansion house stands, then it is not necessary that some open assertion or claim to it as a part of the homestead be made otherwise than as such claim is evidenced by the use.

Looking to all the evidence, it cannot be said that there was not evidence tending to show with reasonable certainty that the property in controversy was used for homestead purposes, and in such case a judgment cannot be reversed even if this court might be of the opinion that the evidence preponderated somewhat against the verdict.

It is assigned as error that the verdict and judgment are not for as much by about $19 as the evidence required; and this seems to be true; but a motion for new trial was filed and acted on, and this ground of error was not made one of the grounds on which the motion was based.

In Hillebrant v. Brewer, 6 Tex., 51, the verdict was excessive, but no motion for new trial based on that fact was made, but, as in this case, it was assigned as error.

In disposing of the question it was said: "The admission of the defendant was sufficient to authorize a verdict for the amount admitted to be due. But the verdict was for a much larger amount; and the evidence furnishes no *data* by which that amount could have been arrived at, by any rule or principle of law by which it was competent for the jury to estimate the damages.

"The objection to the verdict in this particular, however, is that it gives excessive damages; and this constitutes a distinct and independent ground for a new trial. But it was not made a ground by any written specification accompanying the motion, as the statute requires. Hart. Dig., art. 766. It cannot, therefore, be now insisted on as a ground for reversing the judgment."

The same rule applies in all its force where the verdict is not for enough.

That a judgment will not be reversed on the ground that the verdict is not in accordance with the evidence, unless there has been a motion for new trial based on that ground, has long been the established rule in this court. Foster v. Smith, 1 Tex., 70; Reynolds v. Williams, 1 Tex., 311; Hart v. Ware, 8 Tex., 115; King v. Gray, 17

Tex., 62; Pyron *v.* Grinder, 25 Tex. Sup., 159; Cotton *v.* State, 29 Tex., 186.

The reason for the rule is manifest, and parties must observe it who desire to have questions of this character revised in this court.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered December 12, 1884.]