H. KEMPNER AND L. & H. BLUM v. COMER, FAIRRIS & DIAL ET AL.

No. 2394.

1. **Wife's Separate Property in Promissory Notes.**—Where promissory notes payable to the order of the wife and being her separate property were endorsed by the husband writing her name without her knowledge or consent, and were used as a means of credit by a firm of which the husband was a member, the holder taking the notes as collateral, supposing they were correctly endorsed by the payee, and ignorant that the payee was a married woman, will not be aided by the presumption of law that the notes were community property, and such holder can not prevail against the rights of the wife.

2. **Power of Husband to Endorse His Wife's Paper.**—We can give no satisfactory reason for holding that the husband has authority as such to convey by endorsement or otherwise his wife's promissory note without her consent, while the principle that intervenes to prevent his doing so is manifest. He can not legally transfer what is not his, and the law limits his power over his wife's property to management.

3. **Res Adjudicata.**—A suit may be maintained on a note secured by lien without enforcement of the lien, and after judgment another suit can be brought to foreclose the lien at any time before the debt is barred by limitation.

4. **Divisible Demands.**—Where a demand is indivisible or the contract is entire one judgment will merge all the rights and undertakings under it, but not so where the demands are separate and distinct. Nor will a deed of trust executed to secure the payment of several items of indebtedness have the effect of merging all the demands secured by it into one contract.

5. **Homestead--Abandonment.**—A designation of premises as homestead accompanied by acts of preparation and followed by residence will protect the homestead from the designation; but until the homestead rights are vested by residence the intention may be abandoned, and a mortgage made including such abandonment of the designation and intent will hold against a claim followed by actual residence as homestead.

6. **Same.**—The disclaimer of homestead rights in an actual homestead is inoperative—of one merely designated will hold good.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart. The facts sufficiently appear in the opinion.

*Scott & Levi, Davis & Davidson,* and *Burnet & Hanscom,* for appellants.— 1.   There being nothing on the face of the notes to indicate that they were the separate property of Mrs. Fairris they were presumptively community property, and her husband had a legal right to collect them or to transfer them to bona fide purchasers.   Wells v. Cochrane, 13 Texas, 127; Hemmingway v. Matthews, 10 Texas, 207; Rose v. Houston, 11 Texas, 326; Hamilton v. Brooks, 51 Texas, 142; Linn v. Willis, Posey's U. C., 164, 165; Wellborn v. Building and Ex. Co., 56 Texas, 504; Tryon v. Sutton, 13 Cal., 490; Stewart's Husband and Wife, sec. 315.

2.   Where the wife's note has been transferred by her husband to his creditors she can only defeat a recovery on it by them by evidence that it was her separate property and that they knew that fact.   Rose v. Houston, 11 Texas, 326; Hamilton v. Brooks, 51 Texas, 142; Linn v. Willis, Posey's U. C., 164, 165; Moye v. Waters, 51 Ga., 13; 1 Rand. on Com. Paper, sec. 322.

3.   The title to the notes being presumptively in the community they were subject to the disposition of the husband, and his transfer as apparent owner to bona fide holders for value and without notice of the wife's interest will vest an indefeasible title in such holders.   Parker v. Coop, 60 Texas, 114, 115; French v. Strumburg, 52 Texas, 109; Kirk v. Navigation Co., 49 Texas, 213; Cook v. Bremond, 27 Texas, 460; Bank v. Turnley, 61 Texas, 369; Swift v. Smith, 12 Otto, 442; Goodman v. Simonds, 20 How., 34; Murray v. Lardner, 2 Wall., 110; Bank v. Hoge, 35 N. Y., 68; Magee v. Badge, 34 N. Y., 247.

4.   The endorsement by the husband in the wife's name was equivalent to his own endorsement, and even without endorsement a transfer and delivery by him of the notes to bona fide holders for value would operate as an assignment of them so as to protect such holders against any separate interest of the wife of which they had no notice.   Rev. Stats., art. 265; Ross v. Smith, 19 Texas, 173; Daniel on Neg. Inst., secs. 688a, 681.

5.   From the course of dealing between the parties and the stipulations in the trust deed and additional agreement, and the fact that Mrs. Fairris voluntarily placed the notes in the possession of her husband, thereby putting it in his power to dispose of them to innocent parties, and failed to have her separate property registered in Cherokee County or otherwise to give notice of her interest, she will be held to have had notice of the transfer, and can not now recover the notes till appellants' indebtedness be paid.

*McLemore & Campbell,* for Mrs. C. A. Fairris. —1.   The defense of *res adjudicata* should have prevailed.   Nichols v. Dibrell, 61 Texas, 539, and cases cited in the opinion, and the numerous Texas cases cited in the brief of appellee in the reported case.

Cromwell v. County of Sac, 94 U. S., 351, and cases cited, being an exhaustive discussion of the question of *res adjudicata.*

Freeman on Judgments, articles 238, 239–240, where the settled doctrine is stated as agreed that where the action is on a contract it merges all amounts due under the contract prior to the judgment as well as all amounts arising out of the contract that are due; and also that there can be but one suit on one contract.     See also article 249 and note 5 and cases cited.

2.     The homestead rights of Comer & Fairris were disregarded.   Franklin v. Coffee, 18 Texas, 417; Armstrong v. Moore, 59 Texas, 646.

Wherein the doctrine is laid down, which has been followed ever since, "that active, visible preparations to build on the premises coupled with an avowed intention of occupation is sufficient to give the necessary impress of homestead to the property.   Anderson v. McKay, 30 Texas, 186; Moreland v. Barnhardt, 44 Texas, 279.

And see the cases cited in brief of appellee in the cases last referred to. Scott v. Dyer, 60 Texas, 137, 138; Wheatley v. Griffin, 60 Texas, 212.

Where the salutary doctrine is announced in the well considered language of the careful judge, "that when the impress of homestead has once attached it can only be divested by a conveyance from husband and wife as the law provides," unless forsooth the impress be abandoned in fact. Gardner v. Douglas, 64 Texas, 76; Inge & Boring v. Cain, 65 Texas, 77, 78, 79, 80.

3.     When a note payable to order is transferred without endorsement of the payee the transferee does not acquire the legal but only the equitable title.   And he can stand only in the shoes of his assignor as to his rights in the note so unendorsed.   Blum v. Loggins, 53 Texas, 137, 138: 1 Daniel on Neg. Inst., secs. 741, 742, 822, and cases cited in notes; 1 Wait's Act. and Def., p. 586, and cases cited.   2 Parsons on N. and B., 184.

4.     The notes not having been transferred or endorsed by T. L. Fairris, the husband of C. A. Fairris, to L. & H. Blum or H. Kempner, but having been endorsed and delivered by the husband through the signature of his wife wrongfully written thereon to Comer, Fairris & Dial, the latter acquired no title as against the rights of C. A. Fairris, and hence neither L. & H. Blum or H. Kempner acquired any rights as against Mrs. C. A. Fairris through the assignment to them by Comer, Fairris & Dial without endorsement, the notes not having passed by endorsement in due course of trade, but merely to be held as security for a debt, with power to collect.   Pearce v. Jackson, 61 Texas, 646.

COLLARD, JUDGE.—T. L. Fairris, one of the firm of Comer, Fairris & Dial, before maturity, signed his wife's (C. A. Fairris') name on the back of her three promissory notes payable to her order and delivered them so endorsed to his firm to be by them hypothecated for credit,

Mrs. Fairris knowing nothing of the transaction or the intended use of her notes. The firm deposited the notes with appellants as collateral, who advanced money and gave credit to Comer, Fairris & Dial in the belief that the notes were regularly endorsed by the payee, though they did not know the payee or that she was even a woman until after the credit and advances had been made. Mrs. Fairris did not know of the pledge until after Comer, Fairris & Dial had obtained the credit and had been closed out by attachments of appellants.

It is insisted by appellants that the notes, though payable to C. A. Fairris and though her separate property, were apparently community of herself and husband, and that his endorsement and act of delivering them before maturity to his firm, who pledged them to appellants for a valuable consideration, passed the title to appellants and made them a valid security in their hands, they having no notice of her rights.

Numerous authorities in this State have decided that property acquired in the name of the wife during coverture is presumptively community unless there be something in the deed to show that it is the wife's separate estate, and that it is subject to sale and disposition by the husband to persons paying a valuable consideration therefor without notice of the wife's individual rights. A mortgage of the wife's separate estate under such circumstances would be as valid as a sale. Kirk v. Navigation Co., 49 Texas, 215. It is also the law in this State that a purchaser under execution against the husband under similar circumstances would be protected, and this as well where there is a resulting trust in favor of the wife as where the creditor would be protected by force of registration laws. It is, however, only after sale that the protection will be given in case of execution against the husband where registration laws do not apply. Parker v. Coop, 60 Id., 114. In the case cited Justice Stayton gives the reason of the law as follows: "These cases all proceed upon the theory that the purchaser in good faith may rely upon the real title being where by deed it appears to be, and that he or she who willfully or negligently permits the title to stand in the name of another person, at least as apparent owner, can not be heard to say that such is not true to the prejudice of a person who relying upon the apparent ownership has bought and paid a valuable consideration for the land." Registration laws being out of the way, which give to certain lien creditors rights they would not otherwise have, no reason can be assigned why a creditor should take the wife's separate property by dealings with the husband where it is shown that it was not done upon the faith of its being community property.

Where the facts giving rise to the principle of protection do not exist the principle can not be invoked. It is conclusively shown that appellants did not act upon any presumption that the notes were community of Mrs. Fairris and her husband; they acted upon an entirely different

presumption, or rather assumption; they took the notes as collateral, supposing they were correctly endorsed by the payee, without any information that the payee was the wife of T. L. Fairris or that he had endorsed them with her name.   They knew nothing of any facts which would authorize a presumption of community and were not deceived in relation to such facts.   They should not be credited with knowing such facts by a mere fiction when the proof is positive that they had no such knowledge.   The law will not force them into the attitude of innocent and bona fide holders of the notes against the proof; it will not and ought not to thrust a benefit of a presumption upon them when it is affirmatively shown that the presumption had nothing to do with the transaction.   A married woman's rights ought not to be construed away by any such inequitable process of reasoning.   Mrs. Fairris was not in fault in the transaction, and no fact existed which would charge her with negligence or wrong, and we can not see that appellants have any equities on account of reliance upon a presumption of community.

Then the question arises, did appellants obtain the legal title to the notes by the husband's endorsement in the absence of his wife's knowledge or consent?   At common law the husband's endorsement would be sufficient upon the ground that all the wife's personal property vests in the husband.   Daniel on Neg. Inst., p. 505.   But this is not the law of this State.   With us all the wife's personal as well as real property vests and remains vested in her.   The only power given by the statute to the husband over it is its management.   Const. of Texas, art. 16, sec. 15; Rev. Stats., art. 2857.   She can not convey her personal property or endorse her note without her husband's consent.   Hemmingway v. Matthews, 10 Texas, 207.   Of course if the wife's note be presumptively community the husband can convey it to persons relying upon the presumption, provided it be done before maturity (Wells v. Cockrum, 13 Texas, 127; Bank v. Turnley, 61 Texas, 369), but not to persons with notice of her rights.   Rose v. Houston, 11 Texas, 325.

Where the husband pledged the wife's note without her consent and without endorsement, and after the husband's death his debt to the pledgee with the note credited on it was allowed by her as administratrix, it was held that she was not bound and that her allowance of the debt with the note so credited was not a ratification.   Hamilton v. Brooks, 51 Texas, 145.   It has been held that if the husband pledged the wife's coupon bond (a negotiable instrument payable to bearer) before maturity, and no advances be made on it until after maturity, her rights are not affected. Bank v. Turnley, 61 Texas, 369.

Her rights were protected upon the very same principle that a stranger's would have been in a similar case.   Had the coupon bond, payable to bearer as it was, not fallen due until credit had been extended upon it, the owner though a stranger would not have been entitled to protection.

We know of no case under our law which by virtue of the husband's authority to manage the wife's separate estate warrants him in selling her personal property.   The contrary has been held.   McKay v. Treadwell, 8 Texas, 176.   We can not see why her notes should be an exception to the rule.   It has been held, as we have seen, that when he alienates her note without her consent for value to persons with notice of her rights, they take no title.   From this it is not to be inferred that if they have no notice they would have the title.   On the contrary, it upholds the principle that he has no legal right to convey her notes.   If her note be payable to bearer or to her order and is endorsed by her, and in such condition he transfer it to an innocent holder before maturity, the title it may be would pass, because the possession of such paper is prima facie evidence of ownership, and he could pass the title of a stranger's note in the same way.   We could give no satisfactory reason for holding that the husband has authority as such to convey by endorsement or otherwise the wife's promissory note without her consent, while the principle that intervenes to prevent his doing so is manifest.   He can not legally transfer what is not his, and the law limits his power over his wife's property to management.

There is nothing in the law-merchant when applied to this case and giving force to our laws vesting in a married woman the title to her individual separate estate, that would justify us in holding that appellants obtained the legal title to the notes of Mrs. Fairris.   They did not come into the hands of appellants in the usual course of business; they were not payable to her or bearer; were not indorsed by her, but her signature was signed by one not thereunto authorized without her consent; she had done nothing to give them circulation and make them good in the hands of the holders, and in such case the law-merchant would not say the holders were innocent to her prejudice.   1 Daniel on Neg. Inst., secs. 769, 781a, 781b (and 1351 as to forged endorsement), and 836.   To be in the usual course of business the notes must have been endorsed with her consent.   So we conclude that as appellants are not in a position to claim the benefit of a presumption that the notes were community property, and as T. L. Fairris had no authority as her husband to indorse the notes without her consent, she still has both the legal and the equitable title.

We do not think therefore that the court erred in finding in favor of Mrs. C. A. Fairris as to the notes.

We find no error in the judgment of the court below in holding against the plea of *res adjudicata* set up by Comer, Fairris & Dial.   The plaintiffs in suits Nos. 13,174 and 13,175 did not sue to foreclose their deed of trust.   They merely availed themselves of a clause in the deed making it optional with them, upon default of payment by Comer, Fairris & Dial of any due indebtedness secured therein, to consider as due all other in-

debtedness named and secured therein, and brought their suits for personal judgments and for the purpose of attaching other property of the firm not included as security in the deed of trust. A suit may be maintained on a note secured by lien without enforcement of the lien, and after judgment another suit can be brought to foreclose the lien at any time before the debt is barred by limitation. McAlpin v. Burnett, 19 Texas, 500; Ball v. Hill, 48 Texas, 634; 2 Jones on Mort., sec. 936.

It was not necessary in suits 13,174 and 13,175 to ask a recovery on all the debts secured by the deed of trust. Each separate indebtedness and each separate transaction was a distinct cause of action and might have been sued to judgment without a merger of others, though all of them were secured in one instrument. 2 Jones on Mort., sec. 937; Freem. on Judg., secs. 223, 238, 239. Where a demand is indivisible or the contract is entire one judgment will merge all the rights and undertakings under it, but not so where the demands are separate, as where "a note payable in one year with interest payable semi-annually comprises two distinct contracts;" or as in this case several notes due at different times, all secured by one deed of trust, there are as many contracts as there are notes. Id. Where there is a recovery by judgment for land the losing party can not maintain a second action for a homestead out of the same land (Nichols v. Dribrell, 61 Texas, 539), or where there is "one contract there can be but one recovery." But we have no such case before us. The deed of trust to appellants did not merge all the demands secured by it into one contract.

We do not think the court below erred in giving judgment against Comer and Fairris and their wives on their pleas of homestead. Long before the deed of trust was executed Comer and Fairris bought the lots and (living on rented places in town of Rusk) designated them as residences and as a place of business. They commenced to build a hotel on the lots, intending to use a portion of it to live in and another part as a place to carry on their mercantile business; had it nearly completed at the time they determined to mortgage it to secure credit and advances to the Blums and Kempner. The intention to so use it was generally known and was also known to the agent of the Blums and Kempner before the deed of trust was made.

But the parties claiming homestead expressly abandoned and renounced their intention to use and occupy the premises as a homestead before it was so used, and this renunciation was made not by mere declarations but in the solemn form of a deed, the wives joining; and all this was done in order to include the property in the deed of trust then being made to secure advances and borrowed money. In such case the law will give effect to the renunciation. There was in fact no homestead in the premises when renounced. It was the intention of the parties to make it so and they had made preparations to occupy it, thus evidencing by

acts their intention; but until that intention was consummated by use as a homestead it could be renounced even by declarations of the parties. Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1. Had the property been in use at the time of the disclaimer, had it been in fact a homestead, the disclaimer would have had no effect; it would have been only an attempted evasion of the law exempting the homestead from sale under mortgage or execution for debt. Id., and Armstrong v. Moore, 59 Texas, 646.

The designation of the premises as a homestead was evidenced by such acts of preparation as would ordinarily be sufficient to protect them from forced sale. Gardner v. Douglass, 64 Texas, 76· Morehead v. Barnhardt, 44 Texas, 280; Anderson v. McKay, 30 Texas, 190; Franklin v. Coffee, 18 Texas, 117; Inge & Boring v. Cain, 65 Texas, 75. The disclaimer however put an end to all previously expressed intention and designation and estopped the parties from reasserting homestead rights. After the lien of the deed of trust attached no subsequent acts or assertion of homestead could defeat the lien. Potshuisky v. Krempkau, 26 Texas, 308; 44 Texas, 286; 51 Texas, 556; 59 Texas, 387. After the deed of trust the parties could not enter upon the premises and claim homestead.

Dial and wife owned and occupied a certain rural homestead at the time the deed of trust was executed; their designation of only a part of it with other land not used by them as a home was correctly decided by the lower court to be invalid. Their disavowal of their actual homestead in order to mortgage it, or a part of it, for debt would be contrary to law and could not be allowed. Their renunciation, and that of Comer & Fairris and their wives, furnish an illustration of the distinction the law makes in disclaiming an actual homestead and one merely designated; the latter will hold good, the former will not.

After carefully considering all the questions raised by the assignments of error we conclude there was no error in the judgment of the court below, and that it ought to be affirmed.

*Affirmed.*

Adopted March 5, 1889.