The St. Louis Southwestern Railway Co. of Texas v. J. A. Smith.

No. 1354.

1. **Motion for New Trial—Excessive Verdict—Specific Objection Required.**
   Objection to the verdict upon the ground that it is excessive in amount must be specifically called to the attention of the trial court by a motion for new trial, and averments that the verdict is not supported by the evidence, or is contrary to the evidence, are too general.

2. **Measure of Damages—Injury to Cattle.**
   In an action for injury to cattle during transportation by rail the measure of damages is the difference in value in their condition as delivered, and in the condition in which they should have been delivered.

Appeal from Coryell. Tried below before Hon. S. F. Duffie.

*McDowell, Miller & Hawkins* and *Clark & Bolinger,* for appellant.

No brief for appellee reached the Reporter.

Fisher, Chief Justice.—This action is one to recover damages arising out of injuries inflicted upon certain stock shipped by appellee over appellant's line of road. The only assignment of error questions

the judgment of the court below for the reason that the evidence does not warrant the amount of damages found by the jury. The verdict and judgment below was for $240 and interest on that sum from Oct. 15, 1892, at the rate of six per cent. per annum.

When the unsuccessful party in the trial court is dissatisfied with the verdict on the ground that it is contrary to the evidence, the objection should be specifically called to the attention of the trial court by motion for new trial, otherwise the objection will be held as waived. This rule also applies when the complaint is that the verdict is excessive. Jacobs v. Hawkins, 63 Texas, 4.

Simply stating that the verdict is not supported by the evidence, or is contrary to the evidence, is too general, and is not sufficient as a basis for an objection to the verdict on the ground that it is against the evidence.

The motion for new trial, so far as it objects to the verdict, is not broad enough to cover, and does not embrace the objection to the verdict raised by the assignment of error. But independent of this, we think the evidence warrants the verdict and judgment of the trial court.

There is evidence that shows that nineteen head of oxen went into possession of appellant for shipment, and that they were then worth each from forty to fifty dollars, and by reason of the rough and negligent manner in which they were handled when in the possession of appellant, eleven head of them, when they reached Texarkana, their destination, were practically not salable in the market, and were then only worth from seven to ten dollars each. Placing their value at forty dollars each, the lowest amount testified by plaintiff, they would be worth at Texarkana, if in good condition, and allowing ten dollars each as the highest value he states they were worth in the condition in which they were delivered, would fix the amount of damages sustained by reason of injuries to the eleven head at three hundred and thirty dollars. The difference in value at the time they were delivered at Texarkana in their then condition, and the condition in which they should have been delivered, is the measure of damages. Railway v. Hume, 24 S. W. Rep., 917.

Judgment affirmed.

*Affirmed.*

Delivered November 20, 1895.