ROSE HAMMOND V. KITTIE HAMMOND.

Decided March 7, 1908.

**1.—Parol Gift of Land—Improvements—Consent of Donor.**

A parol gift of land two days before the death of the donor, and consequently, not followed by permanent and valuable improvements made on the faith of the gift during the lifetime of the donor, is invalid in this State. It is indispensable that the improvements should be made with the knowledge or consent of the donor; this cannot be the case when made after his death.

**2.—Husband and Wife—Separation—Inheritance.**

H. married in 1883; about three years afterwards his wife voluntarily abandoned him and never lived with him again; in 1892 H., without obtaining a divorce, married another woman who was not aware of the existence of the first wife, and who lived with him in the faithful performance of all her duties as a wife until his death in 1895 or 1896. Held, upon the death of H. intestate the first wife was entitled to his property under our statute of descent and distribution.

**3.—Marriage—Good Faith—Community Property.**

A woman who marries a man in good faith, and without knowledge of the existence of another wife, is entitled to one-half of the community property of the second marriage.

Appeal from the District Court of Kaufman County. Tried below before Hon. F. L. Hopkins.

*J. E. Bass* and *Thos. R. Bond,* for appellant.—No verbal gift of real estate can be enforced, unless there be such an equitable state of facts as will take the transaction from under the statute of frauds. Possession and improvements is no defense unless the same was made with the knowledge and consent of the donor. Ann Bertha Lodge v. Leverton, 42 Texas, 26; Eason v. Eason, 61 Texas, 227; Wooldridge v. Hancock, 70 Texas, 18; Curlin v. Hendricks, 35 Texas, 225; Newcomb v. Cox, 27 Texas Civ. App., 583; Wallace v. Turner, 16 Texas Ct. Rep., 92; Cain v. Mack, 33 Texas, 135.

*Huffmaster & Huffmaster,* for appellee.—A parol gift accompanied by possession and the making of permanent and valuable improvements specially where attended with other equities is good and valid. Field v. Field, 39 Texas Civ. App., 1; Combest v. Wall, 18 Texas Ct. Rep., 498.

TALBOT, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellant against the appellee to recover two tracts of land, one a forty acre tract and the other a seventeen acre tract, situated in Kaufman County, Texas. Appellee answered by a plea of not guilty, and that she owned the land in controversy by a parol gift from Charles Hammond, deceased, made a few days before he died. The case was submitted to a jury on special issues and, upon their findings, judgment was entered for the defendant, Kittie Hammond, and Rose Hammond has appealed.

The evidence shows that Charles Hammond and Rose Hammond, the appellant, were married in 1883; that before and at that time the

said Charles Hammond owned as his separate and individual property the forty acres of land in controversy. After her marriage Rose Hammond lived with Charles Hammond about three years, when she voluntarily abandoned him and never afterwards lived with him as his wife. They were never divorced, but lived separate and apart, and in 1892 the appellee, Kittie Hammond, married the said Charles Hammond, in good faith, not knowing of any legal impediment to such marriage. After his intermarriage with the said Kittie, Charles Hammond carried her to reside with him upon the forty acre tract of land in controversy, and during the time they lived together as man and wife the seventeen acre tract sued for was acquired by their joint efforts. After the acquisition of the seventeen acres both tracts were enclosed under a common fence and Charles and Kittie Hammond resided upon the farm as their homestead, until his death in the fall of 1895 or 1896. During the time Kittie Hammond lived with the deceased, Charles Hammond, she faithfully discharged the duties incumbent upon her as his wife. She waited on him during his last sickness, administered to his comfort and after his death saw that he was properly buried. On Friday before Charles Hammond's death, which occurred on the following Sunday, he handed to appellee, Kittie Hammond, a bundle of papers, saying: "These are the deeds, the deeds to the land; the land and everything are yours. Pay my debts and nobody can bother you." Appellee remained in possession of the land and premises, and since the death of Charles Hammond she has placed upon the same permanent improvements of the value of $539, and in addition thereto has paid taxes amounting to the sum of $129.15. After Charles Hammond handed the bundle of papers to appellee and told her that they were the deeds to the land and that the land was hers, etc., as stated above, appellee did not, before the death of the said Charles Hammond, make any improvements upon the land whatever. Neither child, father, mother, brother, sister or any of their descendants survived the said Charles Hamond, and Rose Hammond, the appellant, was his lawful wife at the date of his death. The rental value of the land from the date of Charles Hammond's death up to the time of the trial was $650.

We think the evidence was sufficient to justify the jury's finding that Charles Hammond made a parol gift of the land to appellee, Kittie Hammond, to take effect *in praesenti;* but the controlling question raised by the assignments of error is, Do the facts show that appellee, upon the faith of such gift, made valuable improvements upon the land at such time as to take the case out of the operation of the statute of frauds and vest in her the title to the land? This question, it seems, must be answered in the negative. It is absolutely essential to the validity of a parol gift of land in this State, whatever may be the rule in other jurisdictions, that possession be given and valuable improvements made by the donee with the *knowledge or consent* of the *donor.* The evidence may be considered sufficient, perhaps, to show delivery of possession at the time of the gift, but as to the improvements made upon the faith of the gift, it was not sufficient, in our opinion, to authorize the submission of that issue to the jury. Charles Hammond died two days after he gave the land to Kittie Hammond, and no improvements whatever were put upon it during the time intervening

between the date of ·the gift and the said Hammond's death. All the improvements placed upon the land, as shown by the record before us, after the gift of the same to appellee, were made after Charles Hammond's death. Charles Hammond being dead at the time, it can not be said that such improvements were made with his knowledge or consent; and such knowledge or consent being one of the essential requisites to the passing of the title by virtue of valuable improvements made upon the faith of the gift, it follows that the improvements required to make the gift effective, must be made in the lifetime of the donor. Directly in point upon this question is the case of Hutcheson v. Chandler, 47 Texas Civ. App., 124. After laying down, in that case, the well established and understood doctrine, to which we· have referred, to the effect that equity will sustain a parol gift of land, notwithstanding the statute of frauds, when possession has been delivered and improvements of substantial value have been made upon the land by the donee with the acquiescence of the donor, upon the faith of the gift, the court further says: "Improvements made in such case, upon the faith of a parol gift of land, must be made in the lifetime of the donor, otherwise they can not be said to have been made with his acquiescence and consent." This conclusion dispenses with the necessity of discussing or deciding any other question presented in the briefs of counsel. For, under the views expressed and the undisputed evidence, it follows that immediately upon the death of Charles Hammond the title to all of the forty acres and to one-half of the seventeen acres vested in appellant and she was entitled to recover the same without regard to the other questions raised. This is what appellant insists upon in this court. She asks for all of the forty acre tract, but does not contend in this court for more than one-half of the seventeen acre tract. This we think is the correct view of the matter.

Appellant had voluntarily abandoned Charles Hammond and lived apart from him for many years. She knew that appellee had married him and was living with him as his wife. She resided within a few miles of the property which they were living on during all or most of the time of their cohabitation together and did not disclose her relationship to the said Charles Hammond and laid no claim whatever to the property in controversy. Appellee believed in good faith that she .was the lawful wife of Charles Hammond and it was with her assistance and efforts that the seventeen acres were acquired. Under the circumstances, if her cohabitation with Charles Hammond constituted adultery at all, then we think that because of her innocence and good faith, it was not of such a character as deprived her of her community interest in the seventeen acre tract, or any other property so acquired by Hammond subsequent to her marriage with him. Merrell v. Moore, 47 Texas Civ. App., 200; Morgan v. Morgan, 1 Texas Civ. App., 315.

The judgment of the court below will, therefore, be reformed and. judgment here rendered for the appellant for all of the forty acres of land sued for and for one-half of the seventeen acres, and affirmed in favor of appellee for the other one-half of said seventeen acres of land. The costs of this appeal to be taxed against appellee.

*Affirmed in part and reformed and rendered in part.*

Writ of error refused.