### WEISER v. TRAVIS COTTON SEED PRODUCTS CO.

No. 4027.

Court of Civil Appeals of Texas. Amarillo.
June 7, 1933.

Rehearing Denied Sept. 13, 1933.

E. T. Simmang, of Giddings, for appellant.

Joe L. Hill and Grover C. Morris, both of San Antonio, for appellee.

MARTIN, Justice.

J. H. Weiser, appellant, and Charles H. Raschke purchased jointly a tract of 6%/100 acres of land in Frio county, Tex. This was rural property. Thereafter, and about April 1, 1929, they each moved with their families,

intending to make their home on this land. They bought and tore down an old gin and removed it to this tract and began its erection. There was on the land at this time a dry well and some 2½ acres in cultivation. They deepened this well and procured water. The cultivated land was broken up and prepared for a crop. They made a garden on it. A small house was erected thereon, into which Raschke moved with his family. Not being able himself to erect a house, but intending to do so later on, appellant, Weiser, rented a small house across the road and a few feet from this land, and moved his family thereon. He got his water from the well, used this 6-acre tract for his milk cows, chickens, and garden, and prepared to plant some of it to feed. Thereafter, needing money to finish the gin, he and his partner, Raschke, borrowed $1,500 from appellee, executing a deed of trust dated May 20, 1929, on this tract to secure same. Suit was brought by appellee against both of them on their note and for foreclosure of the lien.

They filed an answer claiming that the trust deed was void, because the said 6-acre tract of land was their homestead when said lien attached, and setting up appropriate facts to support same.

To this answer the appellee filed a supplemental petition, consisting of a general demurrer, a general denial, and specially that each of said parties represented to appellee that the tract of land was not the homestead of either one of them, and that in the aforesaid deed of trust, as an inducement for plaintiff to make the loan, there was inserted the following clause: "And the parties of the first part hereby declare that the property hereinbefore mentioned and conveyed to said party of the second part forms no part of any property by them owned, used or claimed as exempted from forced sale under the laws of the State of Texas and disclaim and renounce all and every claim thereto under any such law or laws."

Appellee further pleaded that it would not have advanced the money but for the aforesaid statements, and pleaded these as an estoppel.

Raschke's claim of homestead was submitted to a jury, whose findings were in his favor.

The trial court peremptorily instructed the jury against appellant, Weiser, and entered judgment for the debt sued on and foreclosure of the lien.

■ It is the claim of appellant that the action of the court in this regard was error, since there was at least an issue to go to the jury of whether or not said tract of land was being used and occupied as a homestead by him and his family at the time of and prior to the execution of the trust deed in question. We agree with this contention.

A homestead is defined in article 16, § 51, of the Constitution. The only portion necessary to quote is as follows: "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon."

■■ From the briefs we gather that the fact that appellant did not physically reside with his family upon this tract of land was given some weight. But this is immaterial if the land claimed as a homestead was, in fact, used as such and as part of the premises on which he actually resided. The tract claimed does not necessarily have to be a continuous tract, but may be in several tracts, provided the aggregate of all of them does not exceed 200 acres and all are used as a homestead. Cocke v. Conquest, 120 Tex. 43, 35 S.W.(2d) 673; First National Bank v. Rice-Stix Co. (Tex. Civ. App.) 213 S. W. 344, 345; Taylor v. Ullmann, Stern & Krause (Tex. Civ. App.) 188 S. W. 746; Axer v. Bassett, 63 Tex. 548.

■ Joint owners of land may assert a homestead claim thereto. Leach v. Leach (Tex. Civ. App.) 223 S. W. 287; Tucker v. Dodson (Tex. Civ. App.) 245 S. W. 728. So may a tenant who resides with his family on rented land as against creditors. Stephens v. Cox (Tex. Civ. App.) 255 S. W. 241.

■ Nor do we think that appellant was estopped as a matter of law under the facts of this case by the representations pleaded and proven against him. This, because the testimony here at least raises an issue that at the time the said representations were made appellant was using the tract of land as a homestead. If, when such representations as the above are made, the premises claimed as a homestead are in fact such, no estoppel can be based upon them. This would be only an attempted evasion of the law exempting the homestead from sale under mortgage or execution for debt.

■ A different rule obtains where at such time the homestead property was not actually used and occupied as such. Expressed otherwise, so long as the existence of a homestead right depends upon an intention which has not yet ripened into actual occupancy and use, the owner may be estopped by his representations. Llewellyn v. First National Bank (Tex. Civ. App.) 265 S. W. 222, 223; Kempner v. Comer, 73 Tex. 196, 11 S. W. 194; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 687.

The court was undoubtedly influenced by this last rule in peremptorily instructing the jury, but an examination of the facts of this

case has convinced us that there was ample, and perhaps conclusive, evidence to show that at the time the alleged representations were made, and which were pleaded as an estoppel, a homestead right had already attached to the premises in question.

It may be proper to observe finally that no question of nonjoinder of parties was raised in this case.

. Believing that the action of the court in peremptorily instructing the jury was erroneous, the judgment of the trial court is reversed, and the cause remanded.