MILES HOMES OF TEXAS, INC., Eileen Franks and Insilco Corp., Appellants,

v.

Ray BRUBAKER and wife, Gwen Brubaker, Appellees.

No. 16609.

Court of Appeals of Texas, San Antonio.

April 6, 1983.

Rehearing Denied May 13, 1983.

Thomas W. Craddock, Coke & Coke, Dallas, R.H. Tibaut Bowman, Gresham Davis, Gregory Worthy & Moore, San Antonio, for appellants.

Sam L. Darden, Darden & Wehmeyer, Bandera, for appellees.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

■ This is an appeal from a judgment permanently enjoining appellants from posting trustee's notice of sale or selling or causing to be sold or offered for sale certain property owned by appellees and removing as a cloud on title and declaring void a lien created on the property by a Deed of Trust executed by appellees. The trial court entered findings of facts and conclusions of law. Appellant Miles Homes, Inc. of Texas (hereinafter Miles Homes)[1] presents four points of error on appeal complaining of the judgment and the trial court's findings and conclusions.

In May 1974, appellees entered into a contract for deed for the purchase of vacant river front property along the Medina River nine miles outside the City of Medina in Bandera County, Texas.[2] Appellees cleared the property of brush and small trees, installed a water system consisting of a pump, a 500 gallon elevated steel tank, and an outdoor shower, built a twenty foot stairway down to the river, put in a 200 foot gravel driveway, and planted carpet grass. Most of the work was done during their two week July vacation when they borrowed a trailer and camped on the property.

During July appellees also hired a contractor to level the land for the purpose of eventually building a house. The house was ultimately built mostly on the land leveled by the contractor.

At that time, and up until trial, appellee Ray Brubaker was employed as an assistant superintendent and house parent at the Medina Children's Home. His employment required that he reside at the Home, but he was given every Wednesday off and he and his wife usually spent that day at the river front property.

In September 1974, appellees contacted a salesman for appellant Miles Homes. Miles Homes was in the business of supplying plans and materials for the construction of homes, with the purchaser furnishing the labor to complete the project. The salesman called on appellees at the Children's Home and discussed with them the styles and prices of the homes available. Appellees informed the salesman they intended to build the house on the river front property and planned to retire there.

1. All three defendants were included in the appeal bond, but only appellant Miles Homes of Texas, Inc., filed a brief. Generally, reversal on appeal only applies to appealing parties, but cases dealing with permanent injunctions are such that the injunctions will be set aside as to non-appealing parties as well. *See Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local No. 941 v. Whitfield Transportation,* 154 Tex. 91, 273 S.W.2d 857, 863 (1955) (injunction set aside as to non-appealing parties).

2. The property was described as "Tract No. 116 being .674 acres of land in the Rio Medina River Ranch Property, Bandera County, Texas, according to the plat thereof recorded in Vol. 2, Page 18 of the Plat Records of Bandera County, Texas."

On September 12, 1974, appellees completed an application for credit and entered into a retail installment contract for the purchase of the materials necessary to build the home. The application for credit listed the river property as the only real property owned and that appellees intended to immediately start building. The contract stated that delivery of the materials was to occur on or about October, 1974.

Appellees, on October 21, 1974, and prior to the delivery of materials, signed and returned to appellants a deed of trust as to the property in question. Appellees had received the deed by mail and returned it in the same manner.

> The deed of trust contained the clause, [T]he property hereinabove mentioned and conveyed to said party of the second part [the trustee] forms no part of any property by them [the appellees] owned, used, occupied or claimed as their homestead or as exempt from forced sale under the laws of the State of Texas, and disclaim and renounce all and every claim thereof.

This clause was part of the printed, commercial, non-State Bar of Texas, deed of trust form used.

Appellants started to deliver in November the materials necessary to build the home. Deliveries continued to be made and appellees proceeded to construct the home until September, 1977, at which time deliveries were discontinued and appellees stopped making payments on the contract. At that time all supplies but the kitchen cabinets had been delivered and installed.

Appellees brought this action to prevent foreclosure and sale of the property by appellants to satisfy the remaining balance due on the retail installment contract, and to have the deed of trust and lien resulting therefrom declared void. Appellees claimed the property was their homestead and the deed of trust was not a valid mortgage or encumbrance thereof. The trial court granted all relief sought and from that judgment Miles Homes appeals.

3. The issue of a valid materialmen's lien on a homestead, Tex.Rev.Civ.Stat.Ann. art. 5460

Appellant challenges in three points of error the two conclusions of law holding appellees' actions and intent were sufficient to create a homestead at the time the deed was signed and that appellees were not estopped from asserting their homestead rights.[3]

■ We need not reach the issue of whether appellees' two-week vacation in 1974 and once-a-week trips to the property after the house was built were sufficient to impress the property with the character of a homestead. Even if they intended the property to be their homestead, they are estopped to assert the right by the disclaimer executed before actual use as a homestead. As the Texas Supreme Court in *Kempner v. Comer,* stated,

> The intention to so use it was generally known ... but the parties claiming homestead expressly abandoned and renounced their intention to use and occupy the premises as a homestead *before it was so used,* and this renunciation was made, not by mere declarations, but in the solemn form of a deed, the wives joining.... There was in fact no homestead in the premises when renounced.... [U]ntil that intention was consumated by use as a homestead it could be renounced even by declarations of the parties. Had the property been in use at the time of the disclaimer—had it in fact been a homestead—the disclaimer would have had no effect.... The disclaimer, however, put an end to all previously expressed intention and designation, and *estopped the parties from reasserting homestead rights....* After the deed of trust the parties could not enter upon the premises and claim homestead.... [The law makes a distinction between] disclaiming an actual homestead and one merely designated. The later will hold good, the former will not.

73 Tex. 196, 11 S.W. 194, 196–197 (1889) (emphasis added, citations omitted).

(Vernon Supp.1974), was neither pled at trial nor asserted on appeal.

Appellees argue that estoppel does not apply to them in that the disclaimer was inconsistent with the "physical facts" of the case. We find no more inconsistency than there was in *Kempner, supra,* in which the property owners made it clear they intended the property to be their homestead and later executed a deed of trust with a disclaimer.

Appellees cite *Nixon v. Hirschi,* 136 S.W.2d 583 (Tex.1940); *Bayless v. Guthrie,* 235 S.W. 843 (Tex.Comm.App.1921); and *American Exchange National Bank v. Jeffries,* 36 S.W.2d 558 (Tex.Civ.App.—Dallas 1931, writ dism'd), in support of their argument that estoppel does not apply. In all those cases, however, the trial court or the jury found that there was actual use and occupancy as a homestead at the time of the loan and such finding was not disturbed on appeal. In the case at bar actual use did not occur until after the disclaimer had been executed. Appellees also cite *Weiser v. Travis Cotton Seed Products Co.,* 63 S.W.2d 246 (Tex.Civ.App.—Amarillo 1933, writ ref'd), but that case dealt with whether the trial court was correct in directing a verdict for the lien holder on the basis of estoppel. The court found that there was a fact issue as to whether the premises were actually used and occupied as a homestead and thus possibly preventing estoppel from applying. *Id.* at 247.

Finally, appellees argue that it was not their intention to make the disclaimer in that they did not read the deed of trust or recognize the significance of the clause at the time they signed. "[A] party to an arms-length transaction is charged with the obligation of reading what he signs and, failing that, may not thereafter, without a showing of trickery or artifice, avoid the instrument on the ground that he did not know what he was signing." *Thigpen v. Locke,* 363 S.W.2d 247, 251 (Tex. 1962). Nothing more need be said.

Appellant's first point of error is sustained. We need not reach the remaining points. The judgment of the trial court is reversed and the permanent injunction lifted.[4]

Butts, Justice, dissenting.

I respectfully dissent because I believe homestead rights had attached.

---

4. We in no way comment or hold as to the effect of deed of trust lien when the grantor of the lien has only equitable title under a contract for deed.