**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

05/20/15

**DORIAN E. RAMIREZ, CLERK**
**BY** cholloway

ACCEPTED
13-15-00055-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/20/2015 5:38:34 PM
DORIAN RAMIREZ
CLERK

APPEAL FROM THE 117TH JUDICIAL DISTRICT COURT,
NUECES COUNTY, TEXAS

APPELLATE No. 13-15-00055-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/20/2015 5:38:34 PM
DORIAN E. RAMIREZ
Clerk

TRIAL COURT CAUSE No: 2014-DCV-0432-B

---

ROSE CRAGO, APPELLANT

VS.

NUECES COUNTY SHERIFF JIM KAELIN, APPELLEE

---

APPELLANT'S BRIEF

---

Bradford M. Condit
Attorney for Appellant Rose Crago
401 N. Tancahua
Corpus Christi, Texas 78401
State Bar No. 04656525
Voice: 361/884-2075
Facsimile: 361/884-2077
bradcondit@sbcglobal.net

# I.  <u>Identity of Parties and Counsel</u>

<u>Appellant</u>:

Margaret Rose Crago
7390 Kessling Street
Davison, Michigan 48423
rosecrago@charter.net

Counsel:
Bradford M. Condit
401 N. Tancahua
Corpus Christi, Texas 78401
Voice: 361/884-2075
Facsimile: 361/884-2077
bradcondit@sbcglobal.net

<u>Appellee</u>:

Nueces County Sheriff Jim Kaelin
901 Leopard
Corpus Christi, Texas

Counsel:
Ms. Jenny Boyd
901 Leopard, Room 207
Corpus Christi, Texas 78401
Voice: 361/888-0391
Fax: 361/888-0577
jenny.boyd@nuecesco.com

## II. TABLE OF CONTENTS

I. Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

II. Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

III. Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

IV. Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

V. Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

VI. Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

VII. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

VIII. Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IX. Argument and Authorities Issue One . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1. No Evidence and Traditional Summary Judgment Standards . . . . . . 3

    2. Statutory Basis of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        a. Local Gov't Code sec. 85.021, Execution of Process, Penalty . 5

        b. Tex.Civ.Prac.& Rem. Code Sec. 34.065, Failure to Levy . . . . . 6

    3. No Evidence Motion:

        a. Was the property subject to execution? . . . . . . . . . . . . . . . . . . . 7

        b. Was the property identified?. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        c. Did Appellant Suffer Any Damages? . . . . . . . . . . . . . . . . . . . . 8

    4. Traditional Motion:

        a. Post-judgment remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        b. Good Faith Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        c. No Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5.  Merely Designating Property As Homestead Does Not Make
    It Exempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

6.  The Turnover Statute Does Not Relieve The Duty To Levy . . . . . . . . . . 11

7.  Merely Making An Inquiry of Public Records Does Not Relieve
    The Duty To Levy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8.  Making A False Return Imposes Liability . . . . . . . . . . . . . . . . . . . . . . . 12

9.  Good Faith Defense Not Established As A Matter of Law . . . . . 13

10. The Applicable Case Law Authority – Duty to Execute . . . . . 14

11. The Law of Post-Abstract of Judgment Liens. . . . . . . . . . . . . . 15

    What Relevance Is There To The Duty To Execute When
    Property Has Been Designated As Being Homestead . . . . . . . 15

X. Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XI.  Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XII.  Certificate of Service  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XIII.   Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    1.  Order Granting Summary Judgment

# III. Index of Authorities

## Case Law Authority

*Abercia v. Kingvision Pay-Per-View, Ltd.*, 217 S.W.3d 688, 704-705
(Tex. App.-El Paso 2007, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . 5

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) . . . . . . 3, 4, 14, 15

*Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam) . . . . . . . . . . 4

*Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610
(Tex.App.—Houston [14th Dist.] 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 14

*Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 433 (Tex.1970). . . . . . . . . . . 14, 15

*Hickey v. Couchman*, 797 S.W.2d 103, 107
(Tex.App.—Corpus Christi 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re: Dendy*, 175 S.W.2d 297 (Tex.Civ.App. 1943) . . . . . . . . . . . . . . . . . 10, 12, 14

*Inwood North Homeowners' Ass'n, Inc. v. Harris,* 736 S.W.2d 632
(Tex. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. First S. Props., Inc.*, 687 S.W.2d 399, 402
(Tex.App.-Houston [14th Dist.] 1985, writ refd n.r.e.) . . . . . . . . . . . . . . . . . . . .16

*NBS Southern, Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 472
(Tex.App.--- Dallas 1989, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Richardson vs. Parker*, 903 S.W. 2d 801, 805
(Tex.App.– Dallas 1995, no writ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*King Ranch, Inc. v.Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) . . . . . . . . . . . . 4

*Kuo Kung Ko v. Pin Ya Chin*, 934 S.W.2d 839, 841
(Tex.App.—Houston 14th Dist. 1996, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lam v. Phuong Nguyen*, 335 S.W.3d 786, 789
(Tex. App.—Dallas 2011, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Little v. Tex. Dep't. of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004) . . . . . . 5

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) . . . . . . . . . . . . . . 4

*Miles Homes of Texas, Inc. v. Brubaker,* 649 S.W.2d 791, 793
(Tex.App.--San Antonio 1983, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . 16

*Minnehoma Financial Company v. Ditto,* 566 S.W.2d 354, 357
(Tex.Civ.App.--Fort Worth 1978, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . 16

*Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman &
Gordon, P.C.*, 406  S.W.3d 186, 199 (Tex. App.—Corpus Christi
2013, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*NBS Southern, Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 472
(Tex.App.--- Dallas 1989, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Richardson vs. Parker*, 903 S.W. 2d 801, 805
(Tex.App. – Dallas 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487
(Tex. App.—Houston [1st Dist.] 2007, pet. denied) . . . . . . . . . . . . . . . . . . . . . 5

*Savell v. Flint,* 347 S.W.2d 24, 27
(Tex.Civ.App.--Eastland 1961, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . 16

*Turner v. Cross*, 83 Tex. 218, 224, 18 S.W. 578, 579 (1892)   . . . 10, 11, 12, 13, 14

*Wilcox v. Marriot,* 103 S.W. 3d 469, 472
(Tex.App. – San Antonio 2003, pet denied.) . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

## Statutes and Codes

Local Gov't Code, Sec. 85.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex.Civ.Prac. & Rem. Code Sec. 34.065  . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 14

Tex.Prop.Code Ann. § 41.002 (Vernon Supp.1983) . . . . . . . . . . . . . . . . . . . . . 15

Local Gov't Code, Sec. 85.021(b)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX.REV.CIV.STAT.ANN. art. 3839 (Vernon 1966).  . . . . . . . . . . . . . . . . . . . 15

## Rules

TEX. R. CIV. P. 166a(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

TEX. R. CIV. P. 166a(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Tex.R.Civ.P. 637 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14


## Texas Constitution

TEX. CONST. art. XVI § 50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## IV.  STATEMENT OF THE CASE

This is a suit for damages against Appellee Nueces County Sheriff Kaelin for his refusal to levy a Writ of Execution on real property owned by David Crago, a judgment debtor. The trial court granted Appellee a summary judgment.

## V.  STATEMENT OF ORAL ARGUMENT

Appellant does not request oral argument.

## VI.  ISSUES PRESENTED FOR REVIEW

1.  The trial court erred in granting Appellee's no evidence summary judgment because the evidence raised a fact issue whether:

    a. the property was subject to execution,
    b. Plaintiff identified property to Defendant that was subject to execution, and
    c. Plaintiff suffered any damages.

2.  The trial court erred in granted Appellee's traditional summary judgment because Appellee failed to disprove as a matter of law the following elements of liability and failed to prove as a matter of law an affirmative defense as follows:

    a. No Duty To Execute
    b. Good Faith Defense
    c. No Damages

# VII. Statement of Facts

Appellant brought suit against Appellee for damages based on Appellee's failure to levy and sell real property owned by David Crago, a judgment debtor.

On January 19, 2012 Appellant requested the clerk of the court issue a Writ of Execution based on a final judgment against David Crago dated November 6, 2007 in the amount of $120,000.00 plus interest and costs. (CR 39, 42-47)

The clerk issued the Writ of Execution[1] on January 5, 2012 and Appellant's attorney, in a letter dated January 19, 2012, and delivered to Appellee Nueces County sheriff on January 23, 2012, directed Appellee to levy on the property located at 14001 Fortuna Bay Drive, No. 5, Corpus Christi, Texas. (CR 54-50 ). The Judgment Debtor, Mr. David Crago, owned the property. (CR 39-40 )

The following facts are relevant to show that the property was not execution exempt:

  a. On December 21, 2007 David Crago designated that his homestead was located at 15245 Main Royal Drive, Corpus Christi;

  b. Rose Crago's Abstract of Judgment was filed on May 2, 2008;

  c. January 2, 2009 David Crago attempted to designate that his homestead was located at another property, 14001 Fortuna Bay No. 5, Corpus Christi, Texas.

(CR 45-46 )

This attempted homestead designation of the Fortuna Bay property on January 2, 2009

---

[1] The clerk issued the Writ of Execution based on a final judgment against David Crago dated November 6, 2007 in the amount of $120,000.00 plus interest and costs. (CR 39, 42-47)

1

was filed ***eight months after the Judgment Lien attached to the property as determined by when the Abstract of Judgment that was filed on May 2, 2008.***

Appellee failed and refused to seize this property for the sole reason that the judgment debtor had filed the homestead designation eight months after the Judgment Lien had attached to the property. As Appellee admitted in his summary judgment motion,

> "Nueces County Clerk records reflect that judgment debtor, David Crago, had filed a voluntary designation of homestead with the Nueces County Clerk deed records on January 2, 2009, pursuant to Tex.Prop. Code sec. 41.005 [Ex. 6, Homestead Designation] Therefore, officers with the Sheriff's civil division sought out [the] debtor so that he could designate non-exempt property to be levied upon."

(CR 21)

In counsel's letter transmitting the Writ of Execution to and directing Appellee to levy on the property it was explained that according to Texas case law authority:

> "It has been long held that an encumbrance existing against property cannot be affected by the subsequent impression of the homestead exemption on the land . . . Thus, we affirm that when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead."

(CR 45-46)

Appellee ignored this court authority and refused to comply with the law.

# VIII.  Summary of the Argument

Appellee's evidence that it relied on a tardily filed homestead designation did not relieve him of the duty to execute. More, specifically the evidence raised a fact issue in response to the no evidence summary judgment motion whether:

      a. the property was subject to execution,
      b. Plaintiff identified property to Defendant that was subject to execution, and
      c. Plaintiff suffered any damages.

Lastly, the trial court erred in granting Appellee's traditional summary judgment because Appellee failed to disprove as a matter of law the following elements of liability and failed to prove as a matter of law an affirmative defense  as follows:

      a. No Duty To Execute
      b. Good Faith Defense
      c. No Damages

# IX.  Argument and Authorities Issue One & Two

## 1.  No Evidence and Traditional Summary Judgment Standards

Where, as here, the motion asserts both no-evidence and traditional grounds, the court first reviews the summary judgment under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If a respondent fails to produce more than a scintilla of evidence under the standard of Rule 166a(i), there is no need to analyze whether the movant's summary-judgment evidence satisfied the standard for traditional summary judgment. *Id.* By a no-evidence motion, the movant alleges that no evidence exists for one or more

3

essential elements of a claim on which the respondent bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). The trial court must grant the motion unless the respondent produces evidence that raises a genuine issue of material fact on each of the challenged elements of the claim. *Hamilton*, 249 S.W.3d at 426; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A genuine issue of material fact exists if the respondent produces more than a scintilla of evidence for each challenged element. *Ridgway*, 135 S.W.3d at 600.

Evidence is more than a scintilla where it "would enable reasonable and fair-minded jurors to differ in their conclusions." *Hamilton*, 249 S.W.3d at 426; *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Conversely, "[l]ess than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied) (internal quotation marks omitted). Just as with a directed verdict, the court views "the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Tamez,* 206 S.W.3d at 582.

In a traditional motion, the movant has the burden to show both that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 216. The court takes as true all evidence that is favorable to the respondent, and indulge every reasonable inference and resolve any doubts in

4

favor of the non-movant. *Knott*, 128 S.W.3d at 215. A defendant moving for traditional summary judgment has the burden to conclusively disprove at least one of the essential elements of the plaintiff's cause of action. *Little v. Tex. Dep't. of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). If a defendant's ground for summary judgment is an affirmative defense, he must conclusively establish each element of that defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) (per curiam) (holding that a Appellee moving for summary judgment on an affirmative defense has burden to "conclusively establish" each element of its defense); *Lam v. Phuong Nguyen*, 335 S.W.3d 786, 789 (Tex. App.—Dallas 2011, pet. denied) (same). Once the movant shows an entitlement to summary judgment, the burden shifts to the respondent to produce evidence that raises a genuine issue of material fact so as to avoid summary judgment. TEX. R. CIV. P. 166a(c); *Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

## 2. Statutory Basis of Liability

Local Gov't Code, Sec. 85.021 and Tex.Civ.Prac. & Rem. Code Sec. 34.065 impose liability upon the Nueces County Sheriff Jim Kaelin and his surety Western Surety Company as follows:

a. Local Gov't Code, Sec. 85.021, EXECUTION OF PROCESS; PENALTY.

(a) The sheriff shall execute all process and precepts directed to the sheriff by legal authority and shall return the process or precept to the proper court on or before the date the process or precept is returnable.

(b) The sheriff commits an offense if the sheriff:

(1) fails to return a process or precept as required by Subsection (a); or

5

(2)    makes a false return.

(c)    An offense under this section is punishable by the court to which the process is returnable, as for contempt, by a fine of not more than $100. A fine collected under this section shall be deposited in the county treasury.

(d)    The sheriff is liable for all damages sustained by a person by reason of an offense committed by the sheriff under this section.

Acts 1987, 70th Leg., ch. 149, Sec. 1, eff. Sept. 1, 1987.

b. <u>Tex. Civ. Prac. & Rem. Code Section Sec. 34.065. FAILURE TO LEVY OR SELL,</u>

provides:

(a) If an officer fails or refuses to levy on or sell property subject to execution and the levy or sale could have taken place, the officer and the officer's sureties are liable to the party entitled to receive the money collected on execution only for actual damages suffered.

(b) The judgment creditor seeking relief under this section has the burden to prove:

(1) the judgment creditor has a valid judgment against the judgment debtor;

(2) the writ of execution was issued to the judgment creditor;

(3) the writ was delivered to the officer;

(4) the judgment creditor's judgment was unpaid and unsatisfied;

(5) the property to be levied on was subject to execution;

(6) the officer failed or refused to levy under the writ; and

(7) the amount of actual damages suffered.

6

(c) Property to be levied on is subject to execution for purposes of this section if the judgment creditor proves that the judgment debtor owned the property at issue, the property was accessible to the officer under the law, the property was situated in the officer's county, and the property was not exempt from execution.

(d) Before a court may find that an officer failed or refused to levy under the writ for purposes of this section, the court must find that the judgment creditor specifically informed the officer that the property was owned by the judgment debtor and was subject to execution and that the creditor directed the officer to levy on the property.

(e) In this section, "actual damages" is the amount of money the property would have sold for at a constable or sheriff's auction minus any costs of , commissions, and additional expenses of execution.

### 3.  No evidence Motion

Appellee asserted there was no evidence that:

> a. the property was subject to execution (pg. 3, CR 22)
> b. Plaintiff identified property to Appellee that was subject to execution (pg. 4,  CR 23) and
> c. Plaintiff suffered any damages. (pg. 4, CR 23 )

Appellee made these contentions in his summary judgment motion relying on the sole fact that the judgment debtor had designated the property as being subject to a homestead exemption eight months prior to the direction to levy on the property. (pg. 5 CR 24).

### a.  Was the property subject to execution?

Yes, it is the law that; "***Appellee acknowledges that a debtor's mere filing of a homestead designation is insufficient by itself to establish a homestead as a matter of law***." *Wilcox v. Marriot*, 103 S.W. 3d 469, 472 (Tex.App. – San Antonio 2003, pet denied.). (pg. 9

7

CR 28)

## b. <u>Was the property identified?</u>

Yes. As is stated in counsel's letter directing levy on the Fortuna Bay property. (CR 45-46)

## c. <u>Did Appellant suffer any damages?</u>

Yes. As is stated by the Affidavit of realtor Cheri Sperling who established the property had a 2012 value of $178,000.00. (CR 246)  Had Appellee executed on this property Appellant would not have suffered her damages.

## 4. <u>Traditional Motion</u>

Appellee stated that because a deputy went to the residence, talked with the debtor and checked public records these acts establish as a matter of law that he cannot be liable for failing to execute because such acts constitute an execution of the writ. (pg. 5, CR 24)

Appellee contended, "Defendant executed the writ and returned it with the notation "Nulla Bona". The foregoing evidence conclusively disproves that: Plaintiff informed Defendant of property owned by judgment debtor subject to execution; Plaintiff suffered any actual damages as a result of Defendant's alleged failure to levy; or Defendant failed to return the writ of execution or filed a false return." (pg. 5,  CR 24)

These acts have never been held by any court to constitute a levy of a writ of execution. What the evidence does show is that:

      a. Judgment debtor David Crago owned the property,
      b. Appellee was directed to levy on the property,
      c. Appellee was informed that the Abstract of Judgment was
         filed on May 2, 2008;
      d. David Crago attempted to designate the property as a homestead
         on January 2, 2009;

8

e. Appellee was informed:

"It has long been held that an encumbrance existing against property cannot be affected by the subsequent impression of the homestead exception on the land."

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"Thus, we reaffirm that when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead." *Inwood North Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632 (Tex. 1987)

What these facts do show is that the deputy took it upon herself to make the determination that the property was not subject to execution and decided not to levy on it thereby breaching the duty to levy when directed to do so.

Appellant does not disagree with Appellee's statements of law as stated on page 9 of its motion that:

a. [The] "Validity of a lien is for the Court to decide."

b. "It is not [Appellee's] duty, or even within his authority, to determine that the lien in this case is valid and when it attached to the property."

c. Officers executing writs "[are] not tribunals to determine doubtful questions of fact."

(CR 28)

But in spite of these well-established propositions of law the deputy violated the duty to execute by taking it upon herself in determining the homestead exemption in favor of the judgment debtor in her decision not to levy based on the debtor's attempt to designate the

9

property as a homestead on January 2, 2009 *which was a full eight months after Plaintiff's lien attached to the property.*

### a. Post-Judgment Remedies

Appellee contends that because Appellant may have post-judgment remedies available such as turnover relief he has no duty to execute. (pg. 9 CR   ) Appellee does not cite any statutory authority or case law authority for this proposition of law. To so hold would be to create law currently not in existence. "Judicial decisions do not make law--they merely interpret or pronounce law as the same exists." *In re Dendy*, 175 S.W.2d 297 (Tex.Civ.App. 1943) "It is the duty of the court to administer the law as it is written, and not to make law . . ." *Turner v. Cross*, 83 Tex. 218, 224, 18 S.W. 578, 579 (1892)." *Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610 (Tex.App.—Houston [14th Dist.] 2002).

### b. Good Faith Defense

The same facts and law applies to Appellee's contention that he could never be held liable based on the sole fact that the debtor attempted to designate the property as a homestead on January 2, 2009 *which was a full eight months after Plaintiff's lien attached to the property.* Again, the law *does not* state, "An executing officer has no duty to execute if the judgment debtor has designated property as a homestead." Again, Appellee does not cite any statutory authority or case law authority for this proposition of law. To so hold would be to create law currently not in existence. "Judicial decisions do not make law--they merely interpret or pronounce law as the same exists." *In re Dendy*, 175 S.W.2d 297 (Tex.Civ.App. 1943) "It is

10

the duty of the court to administer the law as it is written, and not to make law . . ." *Turner v. Cross*, 83 Tex. 218, 224, 18 S.W. 578, 579 (1892)." *Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610 (Tex.App.—Houston [14th Dist.] 2002)

### c.  <u>No Damages</u>

On page 7(B) (CR 26) of Appellee's summary judgment he contended that Plaintiff had to prove the fair market value of the property.[2] Appellee did so – to the tune of $178,000. (See realtor Sperling Affidavit. CR 246)

### 5.  <u>Merely Designating Property As Homestead</u><br><u>Does Not Make It Exempt From Execution</u>

On page 7(C) Appellee contended that merely because there was a homestead exemption filed the property could not be subject to execution. (CR 26) That is not the law, and Appellee did not support such a statement with any case law authority. And, indeed will not do so because it does not exist.

Appellant agrees with Appellee's statement of law, "*Appellee acknowledges that a debtor's mere filing of a homestead designation is insufficient by itself to establish a homestead a matter of law.*" *Wilcox v. Marriot*, 103 S.W. 3d 469, 472 (Tex.App. – San Antonio 2003, pet denied.). (pg. 9  CR 28)

### 6.  <u>The Turnover Statute Does Not Relieve The Duty To Levy</u>

On pg. 9(D) (CR 28 ) Appellee contended that because there is a turn-over statute he has no duty to execute on any property. Again, Appellee does not cite any statutory authority or

---

[2] It is unclear whether Appellee was saying the property had no value or whether it had no value because it is exempt. The property has value well in excess of the judgment. (See Sperling Affidavit) and the property was not exempt because the lien attached to it before the attempt to designate it as homestead exempt.

11

case law authority for this proposition of law. To so hold would be to create law currently not in existence. "Judicial decisions do not make law--they merely interpret or pronounce law as the same exists." *In re Dendy*, 175 S.W.2d 297 (Tex.Civ.App. 1943) "It is the duty of the court to administer the law as it is written, and not to make law . . ." *Turner v. Cross*, 83 Tex. 218, 224, 18 S.W. 578, 579 (1892)." *Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610 (Tex.App.—Houston [14th Dist.] 2002)

### 7.  Merely Making An Inquiry of Public Records Does Not Relieve The Duty To Levy

On page 10(E) (CR 29) Appellee contended that he had no duty to execute because, "An officer cannot in good faith execute on property which public records clearly indicate is not subject to execution."  Other than the fact that the homestead designation filed eight months after the lien attached does not "clearly indicate" anything of the sort, and the law prohibits Appellee from making this determination, Appellee did not cite any statutory authority or case law authority for this proposition of law. To so hold would be to create law currently not in existence. "Judicial decisions do not make law--they merely interpret or pronounce law as the same exists." *In re Dendy*, 175 S.W.2d 297 (Tex.Civ.App. 1943) "It is the duty of the court to administer the law as it is written, and not to make law . . ." *Turner v. Cross*, 83 Tex. 218, 224, 18 S.W. 578, 579 (1892)." *Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610 (Tex.App.—Houston [14th Dist.] 2002)

### 8.  A False Return Imposes Liability

On page 11 (G) (CR 30) of the summary judgment Appellee states that he cannot be

liable for making a false return if he made any return – that is, if an execution was attempted then any return can never be false. No case law authority was cited for this argument and none exists.

This issue is simply whether the return that states "Nulla Bona" is true or false. If not true then it could only be false and Appellee is liable. (*See*, Local Gov't Code, Sec. 85.021(b)(2) supra. "false return")

## 9.   Good Faith Defense Not Established As A Matter of Law

On page 12(H) (CR 31) Appellee's contention is that he cannot be held liable as a matter of law because his good faith is conclusively established because the attempted homestead designation was filed.  Appellee had been informed at the time he was directed to execute the homestead exemption could not apply because the judgement debtor attempted to homestead the property eight months *AFTER* Appellant's lien attached to it. (CR  45-46)

Good faith is not ignoring the statutes that impose duties. Good faith is not shirking one's official duty to execute as dictated by law and case law authority. Good faith is not failing to act when there is a clear duty to act. This is not even a close call. Appellee had the duty to execute and no amount of bureaucratic double speak can confuse this duty.

Appellee did not even cite any statutory authority or case law authority for its proposition of law. To so hold would be to create law currently not in existence. "Judicial decisions do not make law--they merely interpret or pronounce law as the same exists." *In re Dendy*, 175 S.W.2d 297 (Tex.Civ.App. 1943) "It is the duty of the court to administer the law as it is written, and

13

not to make law . . ." *Turner v. Cross*, 83 Tex. 218, 224, 18 S.W. 578, 579 (1892)." *Healthcare Centers of Texas, Inc. v. Rigby*, 97 S.W.3d 610 (Tex.App.—Houston [14th Dist.] 2002)

## 10. The Applicable Case Law Authoritiy -- Duty To Execute

"Execution is governed by rule and statute. *Kuo Kung Ko v. Pin Ya Chin*, 934 S.W.2d 839, 841 (Tex.App.—Houston 14th Dist. 1996, no writ); *Hickey v. Couchman*, 797 S.W.2d 103, 107 (Tex.App.—Corpus Christi 1990, writ denied). Rule 637 imposes a duty on the sheriff to "proceed without delay to levy . . . upon the property of the Appellee found within his county not exempt from execution . . . ."(fn1) See Tex.R.Civ.P. 637. Section 34.065 of the Texas Civil Practice and Remedies Code provides sanctions if the sheriff fails or refuses to execute upon the debtor's non-exempt property. See Tex.Civ.Prac.& Rem.Code Ann. § 34.065 (Vernon 1997). When a judgment creditor asks that the constable be liable for non-execution, he or she must plead a prima facie case alleging:

> (1) an execution based on a valid judgment issued and delivered to the sheriff;
>
> (2) property of the debtor subject to the execution in the county where the sheriff had the writ;
>
> (3) failure of the sheriff to seize the non-exempt property; and (4) an unsatisfied judgment. *Ko*, 934 S.W.2d at 841; *Hickey*, 797 S.W.2d at 107-108, citing *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426 (Tex. 1970)."

*Abercia v. Kingvision Pay-Per-View, Ltd.*, 217 S.W.3d 688, 704-705 (Tex. App.-El Paso 2007, pet. denied).

Officers are required to levy on writs of executions that are directed to them by legal

authority, whether or not the property directed to be levied upon is owned and possessed by the judgment debtor or another. *Henry S. Miller Co. v. Evans*, <u>452 S.W.2d 426</u>, 433 (Tex.1970). ***Officers are not tribunals to determine questions of whether property can be legally executed upon on not. See id. at 434.It is not a Sheriff's duty, nor within their authority, to determine whether property directed to be levied upon is or is not seizeable***. See id.; see also *NBS Southern, Inc. v. Mail Box, Inc.*, <u>772 S.W.2d 470</u>, 472 (Tex.App.--- Dallas 1989, writ denied). *Richardson vs. Parker*, 903 S.W. 2d 801, 805 (Tex.App. – Dallas 1995, no writ).

This is exactly what Appellee did contrary to law. The deputy took it upon herself to act as the legal arbiter in favor of the judgment debtor when she failed to do as directed and thus usurped the authority of the courts to determine whether the property was exempt or not.

### 11. The Law Of Post Abstract of Judgment Liens

<u>What revelance is there to the duty to execute when property has been designated as being homestead?</u>

In this case, none. As is stated by well-established (and reasoned) law:

> "Appellant first argues that the forced sale for payment of debts violated his constitutional homestead protections. TEX. CONST. art. XVI § 50. He reasons that since this lien does not fall into any of the listed exceptions to the ban on forced sales of homesteads, the foreclosure was invalid. *See* TEX. CONST. art. XVI § 50; TEX.REV.CIV.STAT.ANN. art. 3839 (Vernon 1966) (repealed and now located at Tex.Prop.Code Ann. § 41.002 (Vernon Supp.1983)). While appellant has presented a correct statement of Texas homestead law, several more basic principles come into play in this case. The shelter of a homestead is not unassailable. ***Rather, a right, such as a lien, may prevail over a homestead claim if such right exists before the land becomes a homestead.*** *See Miles Homes of Texas, Inc. v. Brubaker,* <u>649 S.W.2d 791</u>, 793 (Tex.App.--San Antonio 1983, writ ref'd n.r.e.); *Minnehoma Financial Company v. Ditto,* <u>566 S.W.2d 354</u>, 357 (Tex.Civ.App.--Fort Worth 1978, writ ref'd n.r.e.); *Savell v. Flint,* <u>347 S.W.2d 24</u>, 27 (Tex.Civ.App.--Eastland 1961, writ ref'd n.r.e.)." [emphasis added]

15

*Johnson v. First S. Props., Inc.*, 687 S.W.2d 399, 402 (Tex.App.-Houston [14th Dist.] 1985, writ refd n.r.e.)

## X.  Prayer for Relief

Appellant prays the court:

1. Reverse the trial court's judgment,

2. Reverse and render that Appellant recover her damages of $120,000.00 plus interest and costs less the costs of execution,

3. Reverse and remand.

Respectfully submitted:

/s/ Bradford M. Condit
Attorney for Appellant Rose Crago
401 N. Tancahua
Corpus Christi, Texas 78401
State Bar No. 04656525
Voice: 361/884-2075
Facsimile: 361/884-2077
bradcondit@sbcglobal.net

## XI.  Certificate of Compliance

Pursuant to Tex.R.App.P. 9.4(i)(3) the number of words in Appellant's computer generated brief totals 4,220  words which is the word count of the computer program used to prepare the document.

/s/ Bradford M. Condit

## XII.   Certificate of Service

On May 20, 2015 the foregoing document was served by email on:

Ms. Jenny Boyd
Attorney for Appellee Nueces County Sheriff Jim Kaelin
901 Leopard, Room 207
Corpus Christi, Texas 78401
Voice: 361/888-0391
Fax: 361/888-0577
jenny.boyd@nuecesco.com

/s/ Bradford M. Condit

17

# Appendix

# IN THE DISTRICT COURT
## OF NUECES COUNTY, TEXAS
## 117TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROSE CRAGO | § | |
| | § | |
| V. | § | CAUSE NO. 2014-DCV-0432-B |
| | § | |
| JIM KAELIN & DAVID CRAGO | § | |

## ORDER GRANTING DEFENDANT, JIM KAELIN'S MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Defendant Jim Kaelin's Motion for Summary Judgment. After consideration of the pleadings on file, and the law and argument of the parties, the Court has determined the motion should be GRANTED.

It is therefore ORDERED that Plaintiff's claims in their entirety against Sheriff Jim Kaelin are dismissed with prejudice.

SO ORDERED this ___14___ day of ___November___,2014.

_____
PRESIDING JUDGE

258